IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY J. NORMAN and
MARSHA M. NORMAN,
his wife,

        Plaintiffs,

v.                                        Civil Action No. 5:13CV21
                                                           (STAMP)
ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,

        Defendant.

               **MEMORANDUM OPINION AND ORDER**
           **GRANTING PLAINTIFFS' MOTION TO REMAND,**
                   **DENYING WITHOUT PREJUDICE**
               **PLAINTIFFS' MOTION TO DISMISS AND**
           **REMANDING CIVIL ACTION TO THE CIRCUIT COURT**
                **OF MARSHALL COUNTY, WEST VIRGINIA**

                     I.   **Background**

    The above-styled civil action was filed in the Circuit Court of Marshall County, West Virginia.  The complaint asserts claims for breach of contract and bad faith denial of insurance coverage resulting from a dispute regarding insurance proceeds allegedly owed from the plaintiffs' homeowner's insurance policy with the defendant following storm damage to the plaintiffs' property.  The defendant filed a number of counterclaims seeking a declaratory judgment stating that the defendant has fulfilled its contractual obligations and that no further coverage is owed to the plaintiffs.

    The defendant removed this case to this Court on the basis of diversity jurisdiction, claiming that the parties are citizens of different states and that the amount in controversy in the case exceeds $75,000.00, exclusive of interest and costs.  The

plaintiffs then filed a motion to remand, which claims that diversity jurisdiction is lacking because the defendant has failed to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000.00. The plaintiffs also filed a motion to dismiss the defendant's counterclaims. The parties have fully briefed both of these motions, and they are now ripe for the consideration of this Court. For the reasons that follow, this Court will grant the plaintiffs' motion to remand and thus, finding that it lacks subject matter jurisdiction to consider the merits of the case, will deny the plaintiffs' motion to dismiss.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III.  Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs. The burden of establishing that the amount in controversy exceeds $75,000.00 rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of

damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendant has not satisfied its burden of proof and that the value of the plaintiffs' claims may exceed $75,000.00. The plaintiffs' complaint does not make a total damages demand, but does allege that the insurance proceeds owed for the property damage to the plaintiffs' home directly resulting from the storm in question is $23,985.00. Unspecified damages requested in the complaint include damages for ongoing damage to their home as a result of the damages not being immediately remedied, loss of food resulting from power outage, emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment and aggravation, as well as punitive damages and attorneys' fees. The defendant asserts that the specifically delineated property damage demand coupled with the other damages claims, many of which seek compensation both for past and future injuries, make it "clear that the claimed damages are sufficient to exceed the jurisdictional threshold." ECF No. 8 *4. The defendant also notes that the dwelling coverage under the plaintiffs' homeowner's policy is $236,500.00, and if the

4

plaintiffs were to prevail "on their breach of contract claim," their attorneys' fees claim "would be a presumptive 1/3 of the disputed amount." Id. Finally, the defendant points to the plaintiffs' request for punitive damages, and asserts that this claim further raises the potential value of the plaintiffs' complaint.

However, this Court finds that these assertions by the defendant, insofar as they go beyond the stated actual property damage to the plaintiffs' property as a result of the relevant storm, amount to nothing more than speculation. As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va., 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (Finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument"). The defendant's arguments fail to meet this burden.

5

The only actual evidence of the amount in controversy presented by the defendant beyond the $23,985.00 in actual property damage delineated in the complaint, is the defendant's assertion that the plaintiffs' relevant insurance policy limits are $236,500.00. However, this evidence is insufficient to show that the entirety of the plaintiffs' policy limits are in controversy in this case. Rather, the actual amount in controversy in this case can only be measured by the value of the actual damages claimed in the complaint. See Toler v. State Farm Mut. Auto. Ins. Co., 25 F. App'x 141, 143 (4th Cir. 2001) (unpublished) ("A court should not . . . automatically equate the value of [the plaintiff's] claims with the policy limits of the coverage." Rather, the court should examine the "'value of the object of the litigation.'" (quoting Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977)). Here, there is no assertion that the entirety of the plaintiffs' policy limits are sought and, as such, this Court can only examine the value of the plaintiffs' claims, not of their policy.

Accordingly, for the reasons noted above, this Court finds that the defendant has failed to satisfy its burden of showing, through a preponderance of actual evidence of the same, that the amount in controversy in this case is above $75,000.00. This Court thus lacks subject matter jurisdiction, and must remand this case to the Circuit Court of Marshall County.

IV. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is GRANTED. As this Court lacks subject matter jurisdiction, the plaintiffs' motion to dismiss is DENIED WITHOUT PREJUDICE subject to refiling in state court, should the plaintiffs choose to do so. This matter is hereby REMANDED to the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: May 7, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE